1  Brian J. Mills (#216078)
   bmills@swlaw.com
2  Anne Dwyer (#288216)
   adwyer@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Blvd, Suite 1400
4  Costa Mesa, California 92626-7689
   Telephone: 714.427.7000
5  Facsimile: 714.427.7799

6  Attorneys for Defendants
   Diamond Resorts Management, Inc. and
7  Diamond Resorts International

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11
   AUTUMN SMITH; individually, and on          Case No.
12 behalf of other members of the general
   public similarly situated and on behalf of   **NOTICE OF REMOVAL OF**
13 other aggrieved employees pursuant to        **ACTION UNDER 28 U.S.C.**
   the California Private Attorneys General     **§§1441(b) (DIVERSITY) & 1453**
14 Act; ALICE ALVAREZ; individually,            **(CLASS ACTION)**
   and on behalf of other members of the
15 general public similarly situated;

16              Plaintiffs,                      (Case removed from Superior Court of
                                                 California, County of Riverside, Case
17      v.                                       No. RIC1510389, First Amended
                                                 Class Action Complaint, Filed October
18 DIAMOND RESORTS                              30, 2015)
   MANAGEMENT, INC., an unknown
19 business entity; DIAMOND RESORTS
   INTERNATIONAL, an unknown
20 business entity; and DOES 1 through
   100, inclusive,
21
                Defendants.
22

23

24      TO THE CLERK OF THE ABOVE ENTITLED COURT:

25      Defendants Diamond Resorts Management, Inc. and Diamond Resorts

26 International ("Defendants") hereby remove the action entitled *Autumn Smith,*

27 *individually, and on behalf the general public similarly situated and on behalf of*

28 *other aggrieved employees pursuant to the California Private Attorneys General*

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

───────────────────────────────────
                NOTICE OF REMOVAL

*Act, et al. v. Diamond Resorts Management, Inc., et al,* Case No. RIC1510389, previously pending in the Superior Court of California, County of Riverside, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

Defendants remove this case on the grounds that it is a class action in which there is minimum diversity between the parties, the proposed class contains at least 100 members, and the amount in controversy exceeds $5 million in the aggregate. Accordingly, the Class Action Fairness Act, codified in relevant part at 28 U.S.C. § 1332(d) ("CAFA"), confers original jurisdiction in this Court.

In support of removal of this action, Defendants allege as follows:

## BACKGROUND

1. On August 28, 2015, Plaintiff Autumn Smith filed a Class Action Compliant in the Superior Court of California, County of Riverside, Case No. RIC1510389, alleging wage and hour violations. [A copy of the Class Action Complaint is attached as Exhibit 1.]

2. Plaintiff's Complaint contained virtually no facts from which Defendants could ascertain the basis for Plaintiff's claims.

3. On October 30, 2015, Plaintiffs Autumn Smith and Alice Alvarez filed a First Amended Class Action Complaint ("FAC"). [A copy of the FAC is attached as Exhibit 2.] On this date, Plaintiffs' also served by U.S. Mail a copy of their FAC on counsel for Defendants. [*See* FAC.] Therefore, service was deemed complete on November 4, 2015. *See* Cal. Civ. Code § 1013.

4. It was not until November 4, 2015, upon being served with Plaintiffs' FAC, which contained additional facts as to the basis of Plaintiffs' claims, that Defendants first became aware the case was removable. Therefore, removal is timely in that it is filed within 30 days of service the FAC. 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   otherwise, of a copy of an amended pleading, motion, order or other paper from

2   which it may first be ascertained that the case is one which is or has become

3   removable"); *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 693-94 (9th Cir.

4   2005).

5        5.    On December 3, 2015, Defendants filed an answer to Plaintiffs' FAC.

6   A copy of the answer is attached as Exhibit 3.

## BASIS FOR JURISDICTION

9        6.    28 U.S.C. § 1332(d)(2) provides that:

> The district courts shall have original jurisdiction of any
> civil action in which the amount in controversy exceeds
> the sum or value of $5,000,000, exclusive of interest and
> costs, and is a class action in which-
>
> (A)    any member of a class of plaintiffs is a citizen of a
> State different from any defendant;
>
> (B)    any member of a class of plaintiffs is a foreign state
> or a citizen or subject of a foreign state and any citizen of
> a State; or
>
> (C)    any member of a class of plaintiffs is a citizen of a
> State and any defendant is a foreign state or a citizen or
> subject of a foreign state.

18       7.    As defined by 28 U.S.C. §1332(d)(1)(B), "the term 'class action'

19   means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or

20   similar State statute or rule of judicial procedure authorizing an action to be brought

21   by 1 or more representative persons as a class action." The FAC expressly alleges

22   that "Plaintiffs bring this action on their own behalf and on behalf of all other

23   members of the general public similarly situated, and thus, seeks class certification

24   under California Code of Civil Procedure section 382." [FAC, ¶ 14.] This case is

25   therefore a "class action" under 28 U.S.C. § 1332(d)(1)(B).

26       8.    "CAFA provides the federal district courts with 'original jurisdiction'

27   to hear a 'class action' if the class has more than 100 members, the parties are

28   minimally diverse, and the 'matter in controversy exceeds the sum or value of

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF REMOVAL

1   $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

2   Class actions that meet the above requirements are removable under 28 U.S.C. §

3   1453(b). Each of the requirements is satisfied in this action.

4

5   ## THIS CASE SATISFIES THE MINIMAL DIVERSITY REQUIREMENTS

6   ## OF 28 U.S.C. § 1332

7   9.    Diamond Resorts Management, Inc. was, at the time filing of this

8   action, and still is a corporation incorporated under the laws of the state of Arizona

9   with its principal place of business in Clark County, Nevada. Diamond Resorts

10   International was, at the time of filing, and still is a corporation incorporated under

11   the laws of the state of Delaware with its principal place of business in Clark

12   County, Nevada. Therefore, the Defendants are citizens of the states of Arizona,

13   Delaware and Nevada. *See* 28 U.S.C. §1332(c) ("a corporation shall be deemed to

14   be a citizen of every State and foreign state by which it has been incorporated and

15   of the State or foreign state where it has its principal place of business"). The

16   Defendants are not citizens of California. Plaintiffs Autumn Smith and Alice

17   Alvarez were, at the time of filing of this action, and still are domiciled in and

18   citizens of the state of California. [*See* FAC, ¶¶ 5 & 6.] Accordingly, the parties are

19   diverse for purposes of removal under CAFA, which requires only that "any

20   member of a class of Plaintiffs is a citizen of a State different from any defendant."

21   28 U.S.C. § 1332(d)(2)(A).

22

23   ## THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS

24   10.    Plaintiffs' FAC alleges a putative class of more than 100 members.

25   Plaintiffs define the putative class as:

26        All current and former hourly-paid or non-exempt

27        employees who worked for any of the Defendants within

28        the State of California at any time during the period from

- 4 -

NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    August 28, 2011 to final judgment.

2    [FAC, ¶ 15.]

3        11.    From August 28, 2011 through December 2, 2015, Defendants

4    employed approximately 1,447 hourly-paid and non-exempt employees in

5    California. [Declaration of Erion Knighton in Support of Defendants' Notice of

6    Removal ("Knighton Decl."), ¶ 2(a).]

7

8    **THERE IS AT LEAST FIVE MILLION IN CONTROVERSY**

9        12.    A defendant seeking removal of a putative class action satisfies the

10   amount in controversy requirement by establishing by a preponderance of the

11   evidence that the aggregate amount in controversy exceeds five million dollars.

12   *Rodriguez v. AT&T Mobility Serv. LLC,* 728 F.3d 975, 981 (9th Cir. 2013). "Said

13   burden is not daunting, as courts recognize that under this standard a removing

14   defendant is *not* obligated to research, state, and prove the plaintiff's claims for

15   damages." *Muniz v. Pilot Travel Centers, LLC,* No. CIV S-07-0325, 2007 WL

16   1302504, at *2 (E.D. Cal. May 1, 2007) (internal quotations and citations omitted).

17   "[A] defendant's notice of removal need include only a plausible allegation that the

18   amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

19   *Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

20       13.    When determining the amount in controversy, the court must assume

21   that the allegations in the complaint are true and that a jury will return a verdict in

22   the plaintiff's favor on all claims in the complaint. *Kenneth Rothschild Trust v.*

23   *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also*

24   *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010)

25   ("Plaintiff included no limitation on the number of violations, and, taking the

26   complaint as true, Defendants could properly calculate the amount in controversy

27   based on a 100% violation rate."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.

28   2d 1199, 1206 n.4 (E.D. Cal. 2008) ("Plaintiff cannot avoid satisfaction of the

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 5 -

1   amount in controversy by arguing that the class plaintiffs *may* be awarded less than

2   the statutory maximum. The critical inquiry is the amount placed in controversy by

3   the allegations in plaintiff's complaint."). "The ultimate inquiry is what amount is

4   put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually*

5   owe." *Korn,* 536 F. Supp. 2d at 1205 (emphasis in original).

6          14.   A defendant can establish the amount in controversy through

7   "affidavits or declarations or other 'summary-judgment-type evidence.'" *Ibarra v.*

8   *Manheim Investments,* 775 F.3d 1193, 1197 (9th Cir. 2015).  Defendants need not

9   produce detailed records to satisfy their evidentiary burden. *See Jones v. Tween*

10  *Brands, Inc.*, No.14-cv-01631, 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014)

11  ("While [plaintiff] argues that [the defendant] must provide the payroll data upon

12  which [defendant's representative] relies to support removal, the Court finds that

13  [the defendant] is not required to meet such a high burden."); *Muniz,* No. 07-cv-

14  0325, 2007 WL 1302504, at *7 ("There is no obligation by defendant to support

15  removal with production of extensive business records to prove or disprove liability

16  and/or damages with respect to plaintiff or the putative class members at this

17  premature (pre-certification) stage of the litigation.").

18         15.   Plaintiffs' FAC alleges claims for overtime violations, meal period

19  violations, rest break violations, minimum wage violations, waiting time penalties,

20  wage statement penalties, unreimbursed business expenses, violation of California

21  Business and Professions Code, and violation of the Private Attorneys' General

22  Act. [FAC.]

23         16.   Even when only considering potential damages on *some* of these

24  claims, the amount in controversy exceeds five million dollars.

### Wage Statement Penalties

26         17.   Under Labor Code section 226, an employee suffering an injury as a

27  result of an employer's failure to issue accurate and compete wage statement is

28  "entitled to recover the greater of all actual damages or fifty dollars ($50) for the

1   initial pay period in which a violation occurs and one hundred dollars ($100) per

2   employee for each violation in a subsequent pay period." Penalties for violations of

3   Labor Code section 226 are limited to a one year statute of limitations. Cal. Code

4   Civ. Proc. § 340(a).

5       18.   Plaintiffs' FAC alleges, "*[a]t all material times* set forth herein,

6   Defendants failed to provide complete or accurate wage statements to Plaintiffs and

7   the other class members." [FAC, ¶ 55 (emphasis added).] Further, Plaintiffs allege

8   that "Defendants have intentionally and willfully failed to provide Plaintiffs and the

9   other class members with complete and accurate wage statements. The deficiencies

10  include, but are not limited to: the failure to include the total number of hours

11  worked by Plaintiffs and the other class members." [FAC, ¶ 115.]

12      19.   Plaintiffs further allege that Defendants "engaged in a *uniform*

13  policy/practice of wage abuse against their hourly paid or non-exempt employees

14  within the State of California. This *uniform* policy/practice involved, *inter alia,*

15  failing to pay them for all regular and/or overtime wages earned, missed meal

16  periods and rest breaks in violation of California law." [FAC, ¶ 34 (emphasis

17  added).]

18      20.   Taking Plaintiffs' allegations at true, Defendants' "uniform

19  policy/practice" of failing to pay for all regular and overtime hours worked and

20  missed meal periods and rest breaks resulted in Defendants issuing inaccurate wage

21  statements "at all material times." Based on these allegations, it is appropriate for

22  removal purposes to calculate wage statement penalties based on a 100% violation

23  rate. *See Leos v. Fed. Exp. Corp.*, No. 14-cv-02864, 2014 WL 2586866, at *6 (C.D.

24  Cal. June 10, 2014) (appropriate to assume each wage statement contained a

25  violation when complaint alleged that the defendant "did not pay in full for all

26  hours worked, including overtime" and that the defendant "applied this illegal wage

27  device uniformly to all Class Members"); *Unutoa v. Interstate Hotels and Resorts,*

28  *Inc.,* No. 14-cv-09809, 2015 WL 898512, at * 3 (C.D. Cal. March 3, 2015) (finding

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF REMOVAL

1   100% violation rate for wage statement penalties was appropriate where plaintiff

2   asserted that defendants "routinely" failed to provide accurate wage statements);

3   *Ford v. CEC Ent., Inc.,* No. 14-cv-01420, 2014 WL 3377990, at *5 (N.D. Cal. July

4   10, 2014) (given the "general averments" in the complaint, it was reasonable to

5   assume each wage statement given to each putative class member may have

6   violated Labor Code § 226).

7         21.   From August 28, 2014 – one year prior to Plaintiffs' filing their

8   Complaint – through December 2, 2015, Defendants employed 893 employees who

9   worked roughly 27,227 weeks. [Knighton Decl., ¶ 2(d).] During this time,

10  Defendants issued around 13,783 wage statements. [*Id.*]

11        22.   Therefore, potential damages on Plaintiffs' wage statement claim are

12  $1,333,650 based on the following calculations:

13      •  $50 X 893 (which is the appropriate number of first time violations) =

14        $44,650.

15      •  $100 X 12,890 (which is the appropriate number of subsequent

16        violations) = $1,289,000[1].

17      •  $44,650 + $1,289,000 = $1,333,650.

18                                  **Off-the-Clock Overtime**

19        23.   Under California law, an employer must pay all employees for all

20  hours worked and must pay employees at overtime rates for all hours worked over 8

21  hours in one day or 40 hours in one week. Cal. Labor Code §§ 510, 1197 & 1198.

22  Claims for failure to pay overtime wages have a three year statute of limitations.

23  Cal. Code Civ. Proc. 338(a); *Aubry v. Goldhor,* 201 Cal. App. 3d 399, 406-07

24  (1988). Plaintiffs attempt to add an additional year to this claim as an unlawful

25  business practice, for a total of four years of purported violations. *See* Cal. Bus. &

26  Prof. Code 17208.

27

28

[1] Penalties under Labor Code section 226 are capped at $4,000 per employee. The $4,000 cap is not reached by any employee here because there were only 66 weeks and 33 bi-weekly wage statements issued between August 28, 2014 and December 2, 2015, resulting in a maximum penalty of $3,250 per employee.

- 8 -

NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

24.     Plaintiffs' FAC alleges, "*[a]t all material times* set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation." [FAC, ¶ 49, *see also* FAC, ¶¶ 65 & 66.] Plaintiffs specifically claim that "[d]uring the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week performing work duties off the clock and during meal periods and rest periods including, but not limited to, performing customer service, responding to business-related inquires, filing and providing coverage." [FAC, ¶ 65.] Further, Plaintiffs claim, "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members. Plaintiffs and the other class members did not receive overtime compensation and one-and-one half times their regular rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work." [FAC, ¶ 66.]

25.     Plaintiffs' allege that Defendants' failure to pay overtime to employees was part of "a uniform policy/practice of wage abuse against their hourly paid or non-exempt employees within the State of California." [FAC, ¶ 34.]

26.     Given Plaintiffs' broad allegations, that "at all material times" Defendants "engaged in a uniform policy/practice" of failing to pay employees for off-the-clock time at overtime rates, one hour of overtime per week, per employee is a conservative approximation of the amount in controversy for Plaintiffs' overtime claims. *Jasso v. Money Mart Express, Inc.*, No. 11-cv-05500, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (denying remand based on estimate of one hour of overtime per week when plaintiff alleged that "Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly paid or

non-exempt employees"); *Wilson v. Best Buy Co., Inc.*, No. 10-CV-03136, 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (One hour per week assumption appropriate when plaintiff "alleged that '[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day . . . [and] in excess of forty (40) hours in a week.'"); *Jimenez v. Allstate Ins. Co.*, No. 10-cv-08486, 2011 WL 65764, at *3 (C.D. Cal. Jan. 7, 2011) ("Defendant's calculations were reasonable and conservative. Defendant estimated one hour of unpaid overtime compensation per week for each putative class member and arrived at a figure of $6,356,039.04 for the class period.").

27.     Here, Defendants' employed 1,447 hourly-paid, non-exempt employees in California, who collectively worked approximately 65,199 weeks between August 28, 2011 and December 2, 2015. [Knighton Decl., ¶¶ 2(a) & (b).] These employees' average base hourly wage is $10.83. [Knighton Decl., ¶ 2(e).] The majority of employees worked full time; therefore, any alleged off-the-clock work would be at overtime rates. [*Id.*]

28.     Potential damages on Plaintiffs' overtime claim is $1,059,157 based on the following calculation:

- 65,199 weeks worked x 1 hour overtime per week x $10.83[2] (which is the average base hourly wage for Defendants' California Non-Exempt employees) x 1.5 (overtime premium multiplier) = $1,059,157

**Meal and Rest Period Violations**

29.     Under Labor Code section 226.7, a plaintiff is entitled to one additional hour of pay for each workday that a meal period was not provided and for each workday that rest break was not provided. Cal. Labor Code §226.7(c).

---

[2] "[I]n calculating [the] amount in controversy, the average wage of class members is an appropriate rubric for assessing wages as well as penalties based on wage-and-hour violations." *Leos*, No. 14-cv-02864, 2014 WL 2586866, at *5; *see also, Jasso*, No. 11-cv-05500, 2012 WL 699465, at *4-5.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF REMOVAL

1   Plaintiffs bring their meal period and rest break claims as unlawful business

2   practices; therefore, these claims have a four year statute of limitations. Bus. &

3   Prof. Code § 17208; Cal. Code Civ. Proc. § 338(a).

4        30.   With respect to meal periods, Plaintiffs' FAC alleges:

5            Defendants failed to relieve Plaintiffs and the other class

6            members of all duties, failed to relinquish control over

7            Plaintiffs and other class members activities, failed to

8            permit Plaintiffs and the other class members a

9            reasonable opportunity to take and impeded or

10           discouraged them from taking thirty (30) minute

11           uninterrupted meal breaks no later than the end of their

12           fifth hour of work for shifts lasting at least (6) hours,

13           and/or to take second thirty (30) minute uninterrupted

14           meal breaks no later than their tenth hour of work for

15           shifts lasting more than ten (10) hours.

16  [FAC, ¶ 38.]

17       31.   With respect to rest periods, Plaintiffs allege:

18           Defendants failed to provide, authorize, and permit

19           Plaintiffs and other class members to take full,

20           uninterrupted, off-duty rest periods for every shift lasting

21           three and one-half (3.5) to six (6) hours and/or two full,

22           uninterrupted, off-duty rest periods for every shift lasting

23           six (6) to ten (10) hours, and failed to make a good faith

24           effort to provide, authorize, and permit such rest breaks

25           in the middle of each work period.

26  [FAC, ¶ 40.]

27       32.   Further, Plaintiffs' claims that "*[a]t all material times* set forth herein,

28  Defendants failed to provide the requisite uninterrupted meal and rest periods to

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 11 -

1  Plaintiffs and other class members. [FAC, ¶ 51 (emphasis added).]

2      33.    Again, Plaintiffs allege Defendants' failure to provide meal periods

3  and rest breaks was a "*uniform* policy/practice of wage abuse against their hourly

4  paid or non-exempt employees within the State of California." [FAC, ¶ 34.]

5      34.    Based on the allegations in Plaintiffs' FAC, a conservative

6  approximation of the amount in controversy is based on one meal period and one

7  rest break violation per week. *See Jasso,* No. 11-cv-05500, 2012 WL 699465, at *5

8  (one meal and one rest break premium per week was a "reasonable and

9  conservative estimate"); *Quintana v. Claire's Stores, Inc.*, No. 13–0368, 2013 WL

10  1736671, *6 (N.D. Cal. Apr. 22, 2013) ("Based on Plaintiff's allegations that class

11  members 'often' had to forego meal or rest breaks . . . .the court finds Defendants'

12  estimates of one meal or rest break violation per week is an acceptable method to

13  calculate possible damages for these claims."); *Giannini v. Nw. Mut. Life Ins. Co.,*

14  No. C 22-77 WC, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 3012) (finding

15  assumption of one missed meal period and one missed rest period per day was not

16  "arbitrary or conjecture" given the complaint's broad allegations).

17      35.    As mentioned above, Defendants had 1,447 hourly paid, non-exempt

18  employees in California who worked approximately 65,199 weeks collectively

19  from August 28, 2011 to December 2, 2015. [Knighton Decl., ¶¶ 2(a) & (b).]

20      36.    Together, the approximate damages for Plaintiffs' meal period and rest

21  break claims are $1,412,210:

22      •   65,199 x 1 meal period violation x $10.83 (the average base hourly

23          wage) = $706,105

24      •   65,199 x 1 rest break violation x $10.83 (the average base hourly

25          wage) = $706,105

26                  **Failure to Timely Pay Wages Upon Termination**

27      37.    Under Labor Code section 203, if an employer fails to pay any wages

28  due and owing to an employee who is discharged or quits, "the wages of the

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 12 -

1    employee shall continue as a penalty from the due date thereof up to a maximum

2    penalty of 30 days of wages. Cal. Labor Code § 203. The statute of limitations for

3    failure to timely pay wages upon termination of employment is three years. *Pineda*

4    *v. Bank of Am.*, 50 Cal. 4th 1389, 1398-1401 (2010); Cal. Code Civ. Proc. 338(a).

5    　　　38.　　In the FAC, Plaintiffs allege that "*[a]t all material times* set forth

6    herein, Defendants failed to pay Plaintiffs and the other class members all wages

7    owed to them upon discharge or resignation." [FAC, ¶ 53.] Also, "Plaintiffs and the

8    other class members did not receive all wages, earned and unpaid, within seventy-

9    two hours of their leaving defendants employ." [FAC, ¶ 102.] Therefore, according

10   to Plaintiffs' FAC, "Plaintiffs and the other class members are entitled to recover

11   from Defendants the statutory penalty wages for each day they were not paid."

12   [FAC, ¶ 106.]

13   　　　39.　　Plaintiffs' claim for waiting time penalties is allegedly based on

14   Defendants' "uniform policy/practice of wage abuse." [FAC, ¶ 34.]

15   　　　40.　　Given these allegations Defendants can reasonably calculate waiting

16   time penalties for removal purposes based on a 100% violation rate, i.e. full pay for

17   thirty days. *Coleman,* 730 F. Supp. 2d at 1150 ("Plaintiff included no limitation on

18   the number of violations, and, taking his complaint as true, Defendants could

19   properly calculate the amount in controversy based on a 100% violation rate.");

20   *Ford,* 14-cv-01420, 2014 WL 3377990 at *3 (allegations that "Defendant regularly

21   required Plaintiff and class members work off-the-clock" and "Defendants also had

22   a *policy and/or practice* of not paying meal period premiums" reasonably supported

23   a 100% violation rate assumption for 203 penalties).

24   　　　41.　　Defendants had 924 non-exempt employees in California who

25   terminated their employment with Defendants between August 28, 2012 – three

26   years prior to Plaintiffs' filing their Complaint – and December 2, 2015. [Knighton

27   Decl., ¶ 2(f).] The majority of these employees worked full time. [Knighton Decl., ¶

28   2(e).]

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 13 -

42.     Potential penalties under Labor Code section 203 are $2,401,660:

- 924 employees x $10.83 x 8 hours x 30 days=$2,401,660

\* \* \* \* \*

43.     In sum, the amount in controversy based solely on Plaintiffs' claims for wage statement penalties, off-the-clock overtime, meal period violations, rest breaks violations, and waiting time penalties is over $5,000,000:

- Wage Statements Penalties:     $1,333,650
- Overtime:                                     $1,059,157
- Meal and Rest Periods:            $1,412,210.
- Waiting Time Penalties:           $2,401,660.
- **Total:**                                       **$6,206,677**

### Attorneys' Fees

44.     Plaintiffs also seek recovery of attorney's fees. [FAC, Prayer for Relief.] Both mandatory and discretionary attorneys' fee awards can be considered by the Court in determining the jurisdictional amount. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages. *See e.g., Jasso,* No. 11-cv-5500, 2012 WL 699465, at \*6-7 (noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorneys fees'" (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998)); *Giannini,* No. C 12-77 CW, 2012 WL 1535196 at \*4 (finding defendants' calculation of attorneys' fees based on 25% of the sum of amounts placed in controversy was not unreasonable).

- 14 -

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

45.    Assuming 25% attorneys' fees on the above calculated amount in controversy of $6,206,677, attorneys' fees would be $1,551,669. This brings the amount in controversy up to at least $7,758,346.

46.    Accordingly, the amount in controversy here far exceeds the jurisdictional threshold.

## VENUE

47.    Venue is proper pursuant to 28 U.S.C. § 1446(a) and 1441(a) because this Court is the United States District Court for the "district and division embracing the place where" the action was filed, i.e., Riverside County, California.

## WRITTEN NOTICE

48.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served upon all parties and/or counsel. A copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, County of Riverside. A copy of the Notice that will be provided to the State Court and to Plaintiffs is attached as Exhibit 4.

49.    The removal of this action to the United States District Court for the Central District of California does not waive the ability of Defendants to assert any defense in this action.

Dated:      December   4, 2015          SNELL & WILMER L.L.P.


                                         By:/s/ Anne Dwyer
                                         Anne Dwyer
                                         Attorneys for Defendant
                                         Diamond Resorts Management, Inc.
                                         and Diamond Resorts International

NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DIAMOND RESORTS MANAGEMENT, INC., an unknown business
entity; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AUTUMN SMITH; individually, "Additional Parties Attachment form is
attached."

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 28 2015

B. Ellico-Mestas

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* State of California | CASE NUMBER: *(Número del Caso):* RIC 1510389 |

Riverside Superior Court, Riverside Historic Courthouse
4050 Main Street, Riverside, California 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Alwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203; Telephone (818) 265-1020

| DATE: AUG 28 2015 | Clerk, by | Briana Ellico-Mestas | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* DIAMOND RESORTS INTERNATIONAL, an unknown business entity

under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[XX] other *(specify):* 415.95 business entity of unknown form

4. [ ] by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Smith vs. Diamond Resorts Management, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DIAMOND RESORTS INTERNATIONAL, an unknown business entity; and DOES 1 through 100, inclusive,

Page __1__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Smith vs. Diamond Resorts Management, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Edwin Aiwazian (SBN 232943)
   **LAWYERS** *for* **JUSTICE, PC**
2  410 West Arden Avenue, Suite 203
   Glendale, California 91203
3  Tel: (818) 265-1020 / Fax: (818) 265-1021

4  *Attorneys for* Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 28 2015

B. Ellico-Mestas

5

6                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                     **FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| 7  AUTUMN SMITH; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; | Case No.: **RIC 1510389** |
| 8 | |
| 9 | **CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.** |
| 10                Plaintiff, | |
| 11       vs. | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| 12  DIAMOND RESORTS MANAGEMENT, INC., an unknown business entity; DIAMOND RESORTS INTERNATIONAL, an unknown business entity; and DOES 1 through 100, inclusive, | (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); |
| 13 | (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |
| 14 | (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); |
| 15                Defendants. | (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); |
| 16 | (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); |
| 17 | (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); |
| 18 | (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); |
| 19 | (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); |
| 20 | (10) Violation of California Business & Professions Code §§ 17200, et seq. |
| 21 | (11) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004) |
| 22 | |
| 23 | **DEMAND FOR JURY TRIAL** |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*(sidebar, left margin)* **LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Scanned by CamScanner

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  COMES NOW, Plaintiff AUTUMN SMITH ("Plaintiff"), individually, and on

2  behalf of other members of the general public similarly situated and on behalf of other

3  aggrieved employees pursuant to the California Private Attorney General Act, and

4  alleges as follows:

5  <u>**JURISDICTION AND VENUE**</u>

6  1.     This class action is brought pursuant to the California Code of Civil

7  Procedure section 382.  The monetary damages and restitution sought by Plaintiff

8  exceeds the minimal jurisdiction limits of the Superior Court and will be established

9  according to proof at trial.  The "amount in controversy" for the named Plaintiff,

10  including claims for compensatory damages, restitution, penalties, wages, premium pay,

11  and pro rata share of attorneys' fees, is less than seventy-five thousand dollars

12  ($75,000).

13  2.     This Court has jurisdiction over this action pursuant to the California

14  Constitution, Article VI, Section 10, which grants the superior court "original

15  jurisdiction in all other causes" except those given by statute to other courts.  The

16  statutes under which this action is brought do not specify any other basis for

17  jurisdiction.

18  3.     This Court has jurisdiction over Defendants because, upon information

19  and belief, Defendants are citizens of California, have sufficient minimum contacts in

20  California, or otherwise intentionally avail themselves of the California market so as to

21  render the exercise of jurisdiction over them by California courts consistent with

22  traditional notions of fair play and substantial justice.

23  4.     Venue is proper in this Court because, upon information and belief,

24  Defendant maintains offices, has agents, employs individuals, and/or transacts business

25  in the State of California, County of Riverside.  The majority of acts and omissions

26  alleged herein relating to Plaintiff and the other class members took place in the State of

27  California, including the County of Riverside.

28  ///

2

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## PARTIES

5.     Plaintiff AUTUMN SMITH is an individual residing in the State of California.

6.     Defendant DIAMOND RESORTS MANAGEMENT, INC., at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Riverside.

7.     Defendant DIAMOND RESORTS INTERNATIONAL, at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Riverside.

8.     At all relevant times, Defendant DIAMOND RESORTS MANAGEMENT, INC. and DIAMOND RESORTS INTERNATIONAL were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9.     At all times herein relevant, Defendants DIAMOND RESORTS MANAGEMENT, INC., DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and

1  based on that information and belief alleges, that each of the defendants designated as a

2  DOE is legally responsible for the events and happenings referred to in this Complaint,

3  and unlawfully caused the injuries and damages to Plaintiff and the other class members

4  as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint

5  to show the true names and capacities when the same have been ascertained.

6      11.    Defendant DIAMOND RESORTS MANAGEMENT, INC., DIAMOND

7  RESORTS INTERNATIONAL, and DOES 1 through 100 will hereinafter collectively be

8  referred to as "Defendants."

9      12.    Plaintiff further alleges that Defendants, directly or indirectly controlled

10 or affected the working conditions, wages, working hours, and conditions of

11 employment of Plaintiff and the other class members and aggrieved employees so as to

12 make each of said Defendants employers and employers liable under the statutory

13 provisions set forth herein.

14                    **CLASS ACTION ALLEGATIONS**

15     13.    Plaintiff brings this action on her own behalf and on behalf of all other

16 members of the general public similarly situated, and, thus, seeks class certification

17 under California Code of Civil Procedure section 382.

18     14.    The proposed class is defined as follows:

19             All current and former hourly-paid or non-exempt employees who worked

20             for any of the Defendants within the State of California at any time during

21             the period from four years preceding the filing of this Complaint to final

22             judgment.

23     15.    Plaintiff reserves the right to establish subclasses as appropriate.

24     16.    The class is ascertainable and there is a well-defined community of

25 interest in the litigation:

26             a.    Numerosity: The class members are so numerous that joinder of all

27                   class members is impracticable.  The membership of the entire

28                   class is unknown to Plaintiff at this time; however, the class is

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   estimated to be greater than fifty (50) individuals and the identity

2   of such membership is readily ascertainable by inspection of

3   Defendants' employment records.

4   b.   Typicality: Plaintiff's claims are typical of all other class members'

5   as demonstrated herein.  Plaintiff will fairly and adequately protect

6   the interests of the other class members with whom she has a well-

7   defined community of interest.

8   c.   Adequacy: Plaintiff will fairly and adequately protect the interests

9   of each class member, with whom she has a well-defined

10   community of interest and typicality of claims, as demonstrated

11   herein.  Plaintiff has no interest that is antagonistic to the other

12   class members.  Plaintiff's attorneys, the proposed class counsel,

13   are versed in the rules governing class action discovery,

14   certification, and settlement.  Plaintiff has incurred, and during the

15   pendency of this action will continue to incur, costs and attorneys'

16   fees, that have been, are, and will be necessarily expended for the

17   prosecution of this action for the substantial benefit of each class

18   member.

19   d.   Superiority: A class action is superior to other available methods

20   for the fair and efficient adjudication of this litigation because

21   individual joinder of all class members is impractical.

22   e.   Public Policy Considerations: Certification of this lawsuit as a class

23   action will advance public policy objectives.  Employers of this

24   great state violate employment and labor laws every day.  Current

25   employees are often afraid to assert their rights out of fear of direct

26   or indirect retaliation.  However, class actions provide the class

27   members who are not named in the complaint anonymity that

28   allows for the vindication of their rights.

5

17.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.    Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

i.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

18.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

19.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

20.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

///

///

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1       21.   Plaintiff was employed by Defendants and the alleged violations were

2   committed against him during her time of employment and she is, therefore, an

3   aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as

4   defined by California Labor Code section 2699(c) in that they are current or former

5   employees of Defendants, and one or more of the alleged violations were committed

6   against them.

7       22.   Pursuant to California Labor Code sections 2699.3 and 2699.5, an

8   aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA

9   after the following requirements have been met:

10       a.   The aggrieved employee shall give written notice by certified mail

11           (hereinafter "Employee's Notice") to the LWDA and the employer

12           of the specific provisions of the California Labor Code alleged to

13           have been violated, including the facts and theories to support the

14           alleged violations.

15       b.   The LWDA shall provide notice (hereinafter "LWDA Notice") to

16           the employer and the aggrieved employer by certified mail that it

17           does not intend to investigate the alleged violation within thirty

18           (30) calendar days of the postmark date of the Employee's Notice.

19           Upon receipt of the LWDA Notice, or if the LWDA Notice is not

20           provided within thirty-three (33) calendar days of the postmark

21           date of the Employee's Notice, the aggrieved employee may

22           commence a civil action pursuant to California Labor Code section

23           2699 to recover civil penalties in addition to any other penalties to

24           which the employee may be entitled.

25       23.   On July 24, 2015, Plaintiff provided written notice by certified mail to the

26   LWDA and to Defendants DIAMOND RESORTS MANAGEMENT, INC. and

27   DIAMOND RESORTS INTERNATIONAL of the specific provisions of the California

28   Labor Code alleged to have been violated, including the facts and theories to support

8

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1  the alleged violations. Therefore, the administrative prerequisites under California

2  Labor Code section 2699.3(a) to recover civil penalties, including unpaid wages and

3  premium wages per California Labor Code section 558 against Defendants, in addition

4  to other remedies, for violations of California Labor Code sections 201, 202, 203, 204,

5  226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have

6  been satisfied.

7  **GENERAL ALLEGATIONS**

8       24.    At all relevant times set forth herein, Defendants employed Plaintiff and

9  other persons as hourly-paid or non-exempt employees within the State of California.

10      25.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid,

11  non-exempt employee from approximately December 2013 to approximately September

12  2014, in the State of California, County of Riverside.

13      26.    Defendants hired Plaintiff and the other class members and classified

14  them as hourly-paid or non-exempt employees, and failed to compensate them for all

15  hours worked, missed meal periods and/or rest breaks.

16      27.    Defendants had the authority to hire and terminate Plaintiff and the other

17  class members; to set work rules and conditions governing Plaintiff's and the other

18  class members' employment; and to supervise their daily employment activities.

19      28.    Defendants exercised sufficient authority over the terms and conditions of

20  Plaintiff's and the other class members' employment for them to be joint employers of

21  Plaintiff and the other class members.

22      29.    Defendants directly hired and paid wages and benefits to Plaintiff and the

23  other class members.

24      30.    Defendants continue to employ hourly-paid or non-exempt employees

25  within the State of California.

26      31.    Plaintiff and the other class members worked over eight (8) hours in a

27  day, and/or forty (40) hours in a week during their employment with Defendants.

28  ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

1    32.    Plaintiff is informed and believes, and based thereon alleges, that

2  Defendants engaged in a uniform policy/practice of wage abuse against their hourly-

3  paid or non-exempt employees within the State of California. This uniform

4  policy/practice involved, *inter alia*, failing to pay them for all regular and/or overtime

5  wages earned, missed meal periods and rest breaks in violation of California law.

6    33.    Plaintiff is informed and believes, and based thereon alleges, that

7  Defendants knew or should have known that Plaintiff and the other class members were

8  entitled to receive certain wages for overtime compensation and that they were not

9  receiving wages for overtime compensation.

10    34.    Plaintiff is informed and believes, and based thereon alleges, that

11  Defendants failed to provide Plaintiff and the other class members the required rest and

12  meal periods during the relevant time period as required under the Industrial Welfare

13  Commission Wage Orders and thus they are entitled to any and all applicable penalties.

14    35.    Plaintiff is informed and believes, and based thereon alleges, that

15  Defendants knew or should have known that Plaintiff and the other class members were

16  entitled to receive all meal periods or payment of one additional hour of pay at

17  Plaintiff's and the other class member's regular rate of pay when a meal period was

18  missed, and they did not receive all meal periods or payment of one additional hour of

19  pay at Plaintiff's and the other class member's regular rate of pay when a meal period

20  was missed.

21    36.    Plaintiff is informed and believes, and based thereon alleges, that

22  Defendants knew or should have known that Plaintiff and the other class members were

23  entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's

24  and the other class member's regular rate of pay when a rest period was missed, and

25  they did not receive all rest periods or payment of one additional hour of pay at

26  Plaintiff's and the other class members' regular rate of pay when a rest period was

27  missed.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
430 West Arden Avenue, Suite 203
Glendale, California 91203

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

44.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

45.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

46.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

47.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

48.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

49.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

50.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

51.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

52.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

53.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

54.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 53, and each and every part thereof with the same force and effect as though fully set forth herein.

55.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

56.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

57.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

58.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the

13

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess

2   of eight (8) hours in a day on the seventh day of work.

3       59.    During the relevant time period, Plaintiff and the other class members

4   worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a

5   week.

6       60.    During the relevant time period, Defendants intentionally and willfully

7   failed to pay overtime wages owed to Plaintiff and the other class members.

8       61.    Defendants' failure to pay Plaintiff and the other class members the

9   unpaid balance of overtime compensation, as required by California laws, violates the

10  provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

11      62.    Pursuant to California Labor Code section 1194, Plaintiff and the other

12  class members are entitled to recover unpaid overtime compensation, as well as interest,

13  costs, and attorneys' fees.

14              **SECOND CAUSE OF ACTION**

15      **(Violation of California Labor Code §§ 226.7 and 512(a))**

16      **(Against DIAMOND RESORTS MANAGEMENT, INC.,**

17     **DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

18      63.    Plaintiff incorporates by reference the allegations contained in paragraphs

19  1 through 62, and each and every part thereof with the same force and effect as though

20  fully set forth herein.

21      64.    At all relevant times, the IWC Order and California Labor Code sections

22  226.7 and 512(a) were applicable to Plaintiff's and the other class members'

23  employment by Defendants.

24      65.    At all relevant times, California Labor Code section 226.7 provides that

25  no employer shall require an employee to work during any meal or rest period

26  mandated by an applicable order of the California IWC.

27  ///

28  ///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

66.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

67.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

68.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

69.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

70.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

///

///

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

71.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

72.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

73.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

74.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 73, and each and every part thereof with the same force and effect as though fully set forth herein.

75.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

76.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

77.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

78.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

79.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

80.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

81.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

82.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

83.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

85.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

1 | sections 1194, 1197, and 1197.1.

2 |      86.   Defendants' failure to pay Plaintiff and the other class members the

3 | minimum wage as required violates California Labor Code sections 1194, 1197, and

4 | 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to

5 | recover the unpaid balance of their minimum wage compensation as well as interest,

6 | costs, and attorney's fees, and liquidated damages in an amount equal to the wages

7 | unlawfully unpaid and interest thereon.

8 |      87.   Pursuant to California Labor Code section 1197.1, Plaintiff and the other

9 | class members are entitled to recover a penalty of $100.00 for the initial failure to

10 | timely pay each employee minimum wages, and $250.00 for each subsequent failure to

11 | pay each employee minimum wages.

12 |      88.   Pursuant to California Labor Code section 1194.2, Plaintiff and the other

13 | class members are entitled to recover liquidated damages in an amount equal to the

14 | wages unlawfully unpaid and interest thereon.

15 | **FIFTH CAUSE OF ACTION**

16 | **(Violation of California Labor Code §§ 201 and 202)**

17 | **(Against DIAMOND RESORTS MANAGEMENT, INC.,**

18 | **DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

19 |      89.   Plaintiff incorporates by reference the allegations contained in paragraphs

20 | 1 through 88, and each and every part thereof with the same force and effect as though

21 | fully set forth herein.

22 |      90.   At all relevant times herein set forth, California Labor Code sections 201

23 | and 202 provide that if an employer discharges an employee, the wages earned and

24 | unpaid at the time of discharge are due and payable immediately, and if an employee

25 | quits his or her employment, his or her wages shall become due and payable not later

26 | than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72)

27 | hours' notice of his or her intention to quit, in which case the employee is entitled to his

28 | or her wages at the time of quitting.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

91.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

92.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

93.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

94.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

95.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

97.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

98.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

99.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

100.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number,

1   (8) the name and address of the legal entity that is the employer, and (9) all applicable

2   hourly rates in effect during the pay period and the corresponding number of hours

3   worked at each hourly rate by the employee.  The deductions made from payments of

4   wages shall be recorded in ink or other indelible form, properly dated, showing the

5   month, day, and year, and a copy of the statement or a record of the deductions shall be

6   kept on file by the employer for at least three years at the place of employment or at a

7   central location within the State of California.

8       103.   Defendants have intentionally and willfully failed to provide Plaintiff and

9   the other class members with complete and accurate wage statements.  The deficiencies

10  include, but are not limited to: the failure to include the total number of hours worked

11  by Plaintiff and the other class members.

12      104.   As a result of Defendants' violation of California Labor Code section

13  226(a), Plaintiff and the other class members have suffered injury and damage to their

14  statutorily-protected rights.

15      105.   More specifically, Plaintiff and the other class members have been injured

16  by Defendants' intentional and willful violation of California Labor Code section

17  226(a) because they were denied both their legal right to receive, and their protected

18  interest in receiving, accurate and itemized wage statements pursuant to California

19  Labor Code section 226(a).

20      106.   Plaintiff and the other class members are entitled to recover from

21  Defendants the greater of their actual damages caused by Defendants' failure to comply

22  with California Labor Code section 226(a), or an aggregate penalty not exceeding four

23  thousand dollars per employee.

24      107.   Plaintiff and the other class members are also entitled to injunctive relief

25  to ensure compliance with this section, pursuant to California Labor Code section

26  226(g).

27  ///

28  ///

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

108.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

110.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

111.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

112.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22

LAWYERS *for* JUSTICE, PC
430 West Arden Avenue, Suite 203
Glendale, California 91203

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

113.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

115.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

116.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///
///
///
///
///
///
///

23

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

117.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 116, and each and every part thereof with the same force and effect as though fully set forth herein.

118.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

119.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

120.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

24

121. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

122. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

123. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

124. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 123, and each and every part thereof with the same force and effect as though fully set forth herein.

125. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

126. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

127.   Plaintiff and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

128.   Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

129.   Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

130.   Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

131.   Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

132.   Defendants' failure to timely pay wages to the aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**Failure to Timely Pay Wages During Employment**

133.   Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

134.   Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

135.   Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

136.   Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

137.   Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.    Penalties under California Code of Regulations Title 8 section 11070 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

138.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

139.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

///

///

28

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

## Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the Class;

3.      That counsel for Plaintiff be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

## As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    10.    For such other and further relief as the Court may deem just and proper.

2    **As to the Second Cause of Action**

3    11.    That the Court declare, adjudge and decree that Defendants violated

4    California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by

5    willfully failing to provide all meal periods (including second meal periods) to Plaintiff

6    and the other class members;

7    12.    That the Court make an award to Plaintiff and the other class members of

8    one (1) hour of pay at each employee's regular rate of compensation for each workday

9    that a meal period was not provided;

10    13.    For all actual, consequential, and incidental losses and damages,

11    according to proof;

12    14.    For premium wages pursuant to California Labor Code section 226.7(b);

13    15.    For pre-judgment interest on any unpaid wages from the date such

14    amounts were due;

15    16.    For reasonable attorneys' fees and costs of suit incurred herein;

16    17.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

17    and (g); and

18    18.    For such other and further relief as the Court may deem just and proper.

19    **As to the Third Cause of Action**

20    19.    That the Court declare, adjudge and decree that Defendants violated

21    California Labor Code section 226.7 and applicable IWC Wage Orders by willfully

22    failing to provide all rest periods to Plaintiff and the other class members;

23    20.    That the Court make an award to Plaintiff and the other class members of

24    one (1) hour of pay at each employee's regular rate of compensation for each workday

25    that a rest period was not provided;

26    21.    For all actual, consequential, and incidental losses and damages,

27    according to proof;

28    22.    For premium wages pursuant to California Labor Code section 226.7(b);

30

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23. For pre-judgment interest on any unpaid wages from the date such amounts were due;

24. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

26. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

27. For general unpaid wages and such general and special damages as may be appropriate;

28. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

29. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

30. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

31. For liquidated damages pursuant to California Labor Code section 1194.2;

32. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

33. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

34. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

///

35.     For all actual, consequential, and incidental losses and damages, according to proof;

36.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

38.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

39.     For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

40.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by  California Labor Code section 204 to Plaintiff and the other class members;

41.     For all actual, consequential, and incidental losses and damages, according to proof;

42.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

43.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

44.     For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

45.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

46.     For actual, consequential and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

47.   For statutory penalties pursuant to California Labor Code section 226(e);

48.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

49.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

50.   For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

51.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d) ;

52.   For actual, consequential and incidental losses and damages, according to proof;

53.   For statutory penalties pursuant to California Labor Code section 1174.5;

54.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

55.   For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

56.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

57.   For actual, consequential and incidental losses and damages, according to proof;

58.   For the imposition of civil penalties and/or statutory penalties;

59.   For reasonable attorneys' fees and costs of suit incurred herein;

60.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

33

1    61.    For such other and further relief as the Court may deem just and proper.

2                    **As to the Tenth Cause of Action**

3    62.    That the Court decree, adjudge and decree that Defendants violated

4    California Business and Professions Code sections 17200, et seq. by failing to provide

5    Plaintiff and the other class members all overtime compensation due to them, failing to

6    provide all meal and rest periods to Plaintiff and the other class members, failing to pay

7    at least minimum wages to Plaintiff and the other class members, failing to pay

8    Plaintiff's and the other class members' wages timely as required by California Labor

9    Code section 201, 202 and 204 and by violating California Labor Code sections 226(a),

10   1174(d), 2800 and 2802.

11   63.    For restitution of unpaid wages to Plaintiff and all the other class

12   members and all pre-judgment interest from the day such amounts were due and

13   payable;

14   64.    For the appointment of a receiver to receive, manage and distribute any

15   and all funds disgorged from Defendants and determined to have been wrongfully

16   acquired by Defendants as a result of violation of California Business and Professions

17   Code sections 17200, et seq.;

18   65.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

19   California Code of Civil Procedure section 1021.5;

20   66.    For injunctive relief to ensure compliance with this section, pursuant to

21   California Business and Professions Code sections 17200, et seq.; and

22   67.    For such other and further relief as the Court may deem just and proper.

23                   **As to the Eleventh Cause of Action**

24   68.    For civil penalties and wages pursuant to California Labor Code sections

25   2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California

26   Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194,

27   1197, 1197.1, 1198, 2800 and 2802; and

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

34

69.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: August 27, 2015

LAWYERS *for* JUSTICE, PC

By: _____

Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

35

Exhibit 2

# FIRST AMENDED
# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DIAMOND RESORTS MANAGEMENT, INC., an unknown business entity; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AUTUMN SMITH; individually, "Additional Parties Attachment form is attached."

*Response: 12/4 , mailed : 10/30 ea* (handwritten)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>RIC1510389 |
|---|---|

4050 Main Street
Riverside, California 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203; Telephone (818) 265-1020

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **FIRST AMENDED SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Smith, et al. vs. Diamond Resorts Management, Inc., et al. | RIC1510389 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DIAMOND RESORTS INTERNATIONAL, an unknown business entity; and DOES 1 through 100, inclusive,

Page __1__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**
FIRST AMENDED SUMMONS

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Smith, et al. vs. Diamond Resorts Management, Inc., et al. | RIC1510389 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; ALICE ALVAREZ; individually, and on behalf of other members of the general public similarly situated;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons
## FIRST AMENDED SUMMONS

1   Edwin Aiwazian (SBN 232943)
    **LAWYERS *for* JUSTICE, PC**
2   410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel: (818) 265-1020 / Fax: (818) 265-1021

4   *Attorneys for* Plaintiffs

5

6                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                         **FOR THE COUNTY OF RIVERSIDE**

8   AUTUMN SMITH; individually, and on          Case No.: RIC1510389
    behalf of other members of the general public
9   similarly situated and on behalf of other    Honorable Sharon J. Waters
    aggrieved employees pursuant to the          Department 10
10  California Private Attorneys General Act;
    ALICE ALVAREZ; individually, and on          **FIRST AMENDED CLASS ACTION**
11  behalf of other members of the general public **COMPLAINT FOR DAMAGES &**
    similarly situated;                          **ENFORCEMENT UNDER THE PRIVATE**
12                                               **ATTORNEYS GENERAL ACT,**
                    Plaintiffs,                  **CALIFORNIA LABOR CODE § 2698, ET**
13                                               **SEQ.**
            vs.
14                                               (1)  Violation of California Labor Code
    DIAMOND RESORTS MANAGEMENT,                       §§ 510 and 1198 (Unpaid
15  INC., an unknown business entity;                 Overtime);
    DIAMOND RESORTS INTERNATIONAL,               (2)  Violation of California Labor Code
16  an unknown business entity; and DOES 1            §§ 226.7 and 512(a) (Unpaid Meal
    through 100, inclusive,                           Period Premiums);
17                                               (3)  Violation of California Labor Code
                    Defendants.                       § 226.7 (Unpaid Rest Period
18                                                    Premiums);
                                                 (4)  Violation of California Labor Code
19  ~~Response~~: 12/4                                §§ 1194, 1197, and 1197.1 (Unpaid
                                                      Minimum Wages);
20  mailed: 10/30                                (5)  Violation of California Labor Code
                                                      §§ 201 and 202 (Final Wages Not
21                                                    Timely Paid);
                                                 (6)  Violation of California Labor Code
22                                                    § 204 (Wages Not Timely Paid
                                                      During Employment);
23                                               (7)  Violation of California Labor Code
                                                      § 226(a) (Non-Compliant Wage
24                                                    Statements);
                                                 (8)  Violation of California Labor Code
25                                                    § 1174(d) (Failure To Keep
                                                      Requisite Payroll Records);
26                                               (9)  Violation of California Labor Code
                                                      §§ 2800 and 2802 (Unreimbursed
27                                                    Business Expenses);
                                                 (10) Violation of California Business &
28                                                    Professions Code §§ 17200, et seq.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(11) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COME NOW, Plaintiff AUTUMN SMITH ("Plaintiff SMITH"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and Plaintiff ALICE ALVAREZ ("Plaintiff ALVAREZ")(collectively, "Plaintiffs") and allege as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for each named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

///

2

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    4.    Venue is proper in this Court because, upon information and belief,

2    Defendant maintains offices, has agents, employs individuals, and/or transacts business

3    in the State of California, County of Riverside.  The majority of acts and omissions

4    alleged herein relating to Plaintiffs and the other class members took place in the State

5    of California, including the County of Riverside.

6    **PARTIES**

7    5.    Plaintiff AUTUMN SMITH is an individual residing in the State of

8    California.

9    6.    Plaintiff ALICE ALVAREZ is an individual residing in the State of

10   California.

11   7.    Defendant DIAMOND RESORTS MANAGEMENT, INC., at all times

12   herein mentioned, was and is, upon information and belief, an unknown business entity,

13   and at all times herein mentioned, an employer whose employees are engaged

14   throughout the State of California, including the County of Riverside.

15   8.    Defendant DIAMOND RESORTS INTERNATIONAL, at all times herein

16   mentioned, was and is, upon information and belief, an unknown business entity, and at

17   all times herein mentioned, an employer whose employees are engaged throughout the

18   State of California, including the County of Riverside.

19   9.    At all relevant times, Defendant DIAMOND RESORTS

20   MANAGEMENT, INC. and DIAMOND RESORTS INTERNATIONAL were the

21   "employer" of Plaintiffs within the meaning of all applicable California laws and

22   statutes.

23   10.    At all times herein relevant, Defendants DIAMOND RESORTS

24   MANAGEMENT, INC., DIAMOND RESORTS INTERNATIONAL, and DOES 1 through

25   100, and each of them, were the agents, partners, joint venturers, joint employers,

26   representatives, servants, employees, successors-in-interest, co-conspirators and/or

27   assigns, each of the other, and at all times relevant hereto were acting within the course

28   and scope of their authority as such agents, partners, joint venturers, joint employers,

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   representatives, servants, employees, successors, co-conspirators and/or assigns, and all

2   acts or omissions alleged herein were duly committed with the ratification, knowledge,

3   permission, encouragement, authorization and/or consent of each defendant designated

4   as a DOE herein.

5          11.   The true names and capacities, whether corporate, associate, individual or

6   otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs

7   who sues said defendants by such fictitious names.  Plaintiffs are informed and believe,

8   and based on that information and belief allege, that each of the defendants designated

9   as a DOE is legally responsible for the events and happenings referred to in this

10  Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other

11  class members as alleged in this Complaint.  Plaintiffs will seek leave of court to

12  amend this Complaint to show the true names and capacities when the same have been

13  ascertained.

14         12.   Defendant DIAMOND RESORTS MANAGEMENT, INC., DIAMOND

15  RESORTS INTERNATIONAL, and DOES 1 through 100 will hereinafter collectively be

16  referred to as "Defendants."

17         13.   Plaintiffs further allege that Defendants, directly or indirectly controlled

18  or affected the working conditions, wages, working hours, and conditions of

19  employment of Plaintiffs and the other class members and aggrieved employees so as

20  to make each of said Defendants employers and employers liable under the statutory

21  provisions set forth herein.

22                         **CLASS ACTION ALLEGATIONS**

23         14.   Plaintiffs bring this action on their own behalf and on behalf of all other

24  members of the general public similarly situated, and, thus, seeks class certification

25  under California Code of Civil Procedure section 382.

26  ///

27  ///

28  ///

4

15.   The proposed class is defined as follows:

CLASS.  All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from August 28, 2011 to final judgment.

SUBCLASS A.  All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who earned commissions/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages.

16.   Plaintiffs reserve the right to establish subclasses as appropriate.

17.   The class is ascertainable and there is a well-defined community of interest in the litigation:

a.   Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.   Typicality: Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.   Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.   Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed, short, late, and/or interrupted meal periods and rest breaks in violation of California law;

6

c.    Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

d.    Whether Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members were paid commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek;

e.    Whether Defendants deprived Plaintiffs and the other class members of meal and/or rest periods or required Plaintiffs and the other class members to work during meal and/or rest periods without compensation;

f.    Whether Defendants failed to pay minimum wages to Plaintiffs and the other class members for all hours worked;

g.    Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

h.    Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

i.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

j.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

k.   Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

l.   Whether Defendants' conduct was willful or reckless;

m.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

n.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

o.   Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

19.   At all times herein set forth, PAGA was applicable to Plaintiff SMITH's employment by Defendants.

20.   At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

21.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

22.   Plaintiff SMITH was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff SMITH and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are

8

1   current or former  employees of Defendants, and one or more of the alleged violations

2   were committed against them.

3       23.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an

4   aggrieved employee, including Plaintiff SMITH, may pursue a civil action arising

5   under PAGA after the following requirements have been met:

a.   The aggrieved employee shall give written notice by certified mail
    (hereinafter "Employee's Notice") to the LWDA and the employer
    of the specific provisions of the California Labor Code alleged to
    have been violated, including the facts and theories to support the
    alleged violations.

b.   The LWDA shall provide notice (hereinafter "LWDA Notice") to
    the employer and the aggrieved employer by certified mail that it
    does not intend to investigate the alleged violation within thirty
    (30) calendar days of the postmark date of the Employee's Notice.
    Upon receipt of the LWDA Notice, or if the LWDA Notice is not
    provided within thirty-three (33) calendar days of the postmark
    date of the Employee's Notice, the aggrieved employee may
    commence a civil action pursuant to California Labor Code section
    2699 to recover civil penalties in addition to any other penalties to
    which the employee may be entitled.

24.     On July 24, 2015, Plaintiff SMITH provided written notice by certified

mail to the LWDA and to Defendants DIAMOND RESORTS MANAGEMENT, INC.

and DIAMOND RESORTS INTERNATIONAL of the specific provisions of the

California Labor Code alleged to have been violated, including the facts and theories to

support the alleged violations.  Therefore, the administrative prerequisites under

California Labor Code section 2699.3(a) to recover civil penalties, including unpaid

wages and premium wages per California Labor Code section 558 against Defendants,

in addition to other remedies, for violations of California Labor Code sections 201,

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

1  202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and

2  2802 have been satisfied.

### GENERAL ALLEGATIONS

4       25.    At all relevant times set forth herein, Defendants employed Plaintiffs and

5  other persons as hourly-paid or non-exempt employees within the State of California.

6       26.    Defendants, jointly and severally, employed Plaintiff SMITH as an

7  hourly-paid, non-exempt employee from approximately December 2013 to

8  approximately September 2014, in the State of California, County of Riverside.

9       27.    Defendants, jointly and severally, employed Plaintiff ALVAREZ as an

10 hourly-paid, non-exempt employee from approximately June 2012 to approximately

11 March 2013 and from approximately March 2014 to approximately April 2014, in the

12 State of California, County of Riverside.

13      28.    Defendants hired Plaintiffs and the other class members and classified

14 them as hourly-paid or non-exempt employees, and failed to compensate them for all

15 hours worked and missed, short, late, and/or interrupted meal periods and/or rest

16 breaks.

17      29.    Defendants had the authority to hire and terminate Plaintiffs and the other

18 class members; to set work rules and conditions governing Plaintiffs' and the other

19 class members' employment; and to supervise their daily employment activities.

20      30.    Defendants exercised sufficient authority over the terms and conditions of

21 Plaintiffs' and the other class members' employment for them to be joint employers of

22 Plaintiffs and the other class members.

23      31.    Defendants directly hired and paid wages and benefits to Plaintiffs and the

24 other class members.

25      32.    Defendants continue to employ hourly-paid or non-exempt employees

26 within the State of California.

27      33.    Plaintiffs and the other class members worked over eight (8) hours in a

28 day, and/or forty (40) hours in a week during their employment with Defendants.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

34.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This uniform policy/practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

35.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

36.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members were paid commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

37.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

38.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to relieve Plaintiffs and the other class members of all duties, failed to relinquish control over Plaintiffs and the other class members activities, failed to permit Plaintiffs and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

39.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was short, interrupted, late, and/or missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was short, late, interrupted, and/or missed.

40.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide, authorize, and permit Plaintiffs and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to provide, authorize, and permit such rest breaks in the middle of each work period.

41.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a rest period was short, late, interrupted, and/or missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was short, late, interrupted, and/or missed.

42.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

43.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  did not, in fact, receive all such wages owed to them at the time of their discharge or

2  resignation.

3     44.   Plaintiffs are informed and believe, and based thereon allege, that

4  Defendants knew or should have known that Plaintiffs and the other class members

5  were entitled to receive all wages owed to them during their employment.  Plaintiffs

6  and the other class members did not receive payment of all wages, including overtime

7  and minimum wages and meal and rest period premiums, within any time permissible

8  under California Labor Code section 204.

9     45.   Plaintiffs are informed and believe, and based thereon allege, that

10  Defendants knew or should have known that Plaintiffs and the other class members

11  were entitled to receive complete and accurate wage statements in accordance with

12  California law, but, in fact, they did not receive complete and accurate wage statements

13  from Defendants.  The deficiencies included, *inter alia*, the failure to include the total

14  number of hours worked by Plaintiffs and the other class members.

15     46.   Plaintiffs are informed and believe, and based thereon allege, that

16  Defendants knew or should have known that Defendants had to keep complete and

17  accurate payroll records for Plaintiffs and the other class members in accordance with

18  California law, but, in fact, did not keep complete and accurate payroll records.

19     47.   Plaintiffs are informed and believe, and based thereon allege, that

20  Defendants knew or should have known that Plaintiffs and the other class members

21  were entitled to reimbursement for necessary business-related expenses.

22     48.   Plaintiffs are informed and believe, and based thereon allege, that

23  Defendants knew or should have known that they had a duty to compensate Plaintiffs

24  and the other class members pursuant to California law, and that Defendants had the

25  financial ability to pay such compensation, but willfully, knowingly, and intentionally

26  failed to do so, and falsely represented to Plaintiffs and the other class members that

27  they were properly denied wages, all in order to increase Defendants' profits.

28  ///

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

49.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked.  Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

50.     At all material times set forth herein, Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members were paid commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

51.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

52.     At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

53.     At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

54.     At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

55.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

56.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

57.     At all material times set forth herein, Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

49.   At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked.  Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

50.   At all material times set forth herein, Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members were paid commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

51.   At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

52.   At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

53.   At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

54.   At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

55.   At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

56.   At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

57.   At all material times set forth herein, Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs.

///

///

58.    At all material times set forth herein, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

59.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

60.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

62.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

63.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

64.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

65.   During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week performing work duties off the clock and during meal periods and rest periods including, but not limited to, performing customer service, responding to business-related inquiries, filing, and providing coverage.

66.   During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.  Plaintiffs and the other class members did not receive overtime compensation and one-and-one-half times their regular rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

67.   Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

68.   Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

///

///

///

16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

69.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 68, and each and every part thereof with the same force and effect as though fully set forth herein.

70.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

71.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

72.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

73.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

74.    During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who

17

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  did not waive their legally-mandated meal periods by mutual consent, were required to

2  work for periods longer than five (5) hours without an uninterrupted meal period of not

3  less than thirty (30) minutes and/or rest period.

4      75.    During the relevant time period, Plaintiffs and the other class members

5  who were scheduled to work for a period of time in excess of six (6) hours were

6  required to work for periods longer than five (5) hours without an uninterrupted meal

7  period of not less than thirty (30) minutes and/or rest period.

8      76.    During the relevant time period Plaintiffs' and the other class members'

9  meal periods were missed, short, late, and/or interrupted because Defendants required

10  them to perform work duties, including, but not limited to, performing customer

11  service, responding to business-related inquiries, filing, and providing coverage.

12      77.    As a result, Defendant failed to relieve Plaintiffs and the other class

13  members of all duties, failed to relinquish control over Plaintiffs and the other class

14  members' activities, failed to permit Plaintiffs and putative class members a reasonable

15  opportunity to take, and impeded or discouraged them from taking thirty (30) minute

16  uninterrupted meal breaks no later than the end of their fifth hour of work for shifts

17  lasting at least six (6) hours and/or to take second thirty (30) minute uninterrupted meal

18  breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

19      78.    During the relevant time period, Defendants intentionally and willfully

20  required Plaintiffs and the other class members to work during meal periods and failed

21  to compensate Plaintiffs and the other class members the full meal period premium for

22  work performed during meal periods.

23      79.    During the relevant time period, Defendants failed to pay Plaintiffs and

24  the other class members the full meal period premium due pursuant to California Labor

25  Code section 226.7.

26      80.    Defendants' conduct violates applicable IWC Wage Order and California

27  Labor Code sections 226.7 and 512(a).

28  ///

18

81.   Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

82.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.   At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

84.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

85.   At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

86.   During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

87.   During the relevant time period Plaintiffs' and the other class members' rest periods were missed, short, late, and/or interrupted because Defendant required

19

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   them to perform work duties including, but not limited to, performing customer service,

2   responding to business-related inquiries, filing, and providing coverage.

3       88.    As a result, Defendants failed to provide, authorize, or permit Plaintiffs

4   and the other class members to take full, uninterrupted, off-duty rest periods for every

5   shift lasting three-and-one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-

6   duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a

7   good faith effort to authorize, permit, and provide such rest breaks in the middle of

8   each work period.

9       89.    During the relevant time period, Defendants willfully required Plaintiffs

10   and the other class members to work during rest periods and failed to pay Plaintiffs and

11   the other class members the full rest period premium for work performed during rest

12   periods.

13       90.    During the relevant time period, Defendants failed to pay Plaintiffs and

14   the other class members the full rest period premium due pursuant to California Labor

15   Code section 226.7

16       91.    Defendants' conduct violates applicable IWC Wage Orders and California

17   Labor Code section 226.7.

18       92.    Pursuant to the applicable IWC Wage Orders and California Labor Code

19   section 226.7(b), Plaintiffs and the other class members are entitled to recover from

20   Defendants one additional hour of pay at the employees' regular hourly rate of

21   compensation for each work day that the rest period was not provided.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

93.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

94.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

95.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

96.     During the relevant time period, Plaintiffs and the other class members were required to perform job duties off the clock, including, but not limited to, performing customer service, responding to business-related inquiries, filing, and providing coverage.

97.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

98.     Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    99.    Pursuant to California Labor Code section 1194.2, Plaintiffs and the other

2    class members are entitled to recover liquidated damages in an amount equal to the

3    wages unlawfully unpaid and interest thereon.

4    **FIFTH CAUSE OF ACTION**

5    **(Violation of California Labor Code §§ 201 and 202)**

6    **(Against DIAMOND RESORTS MANAGEMENT, INC.,**

7    **DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

8    100.    Plaintiffs incorporate by reference the allegations contained in paragraphs

9    1 through 99, and each and every part thereof with the same force and effect as though

10    fully set forth herein.

11    101.    At all relevant times herein set forth, California Labor Code sections 201

12    and 202 provide that  if an employer discharges an employee, the wages earned and

13    unpaid at the time of discharge are due and payable immediately, and if an employee

14    quits his or her employment, his or her wages shall become due and payable not later

15    than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72)

16    hours' notice of his or her intention to quit, in which case the employee is entitled to

17    his or her wages at the time of quitting.

18    102.    Plaintiffs and the other class members did not receive all wages, earned

19    and unpaid, within seventy-two (72) hours of leaving Defendants' employ.

20    103.    During the relevant time period, Defendants intentionally and willfully

21    failed to pay Plaintiffs and the other class members who are no longer employed by

22    Defendants their wages, earned and unpaid, within seventy-two (72) hours of their

23    leaving Defendants' employ.

24    104.    Defendants' failure to pay Plaintiffs and the other class members who are

25    no longer employed by Defendants' their wages, earned and unpaid, within seventy-

26    two (72) hours of their leaving Defendants' employ, is in violation of California Labor

27    Code sections 201 and 202.

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

105.   California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

106.   Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

107.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

109.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

110.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

23

111.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

112.   Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

113.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    115.    Defendants have intentionally and willfully failed to provide Plaintiffs and

2    the other class members with complete and accurate wage statements.  The deficiencies

3    include, but are not limited to: the failure to include the total number of hours worked

4    by Plaintiffs and the other class members.

5    116.    As a result of Defendants' violation of California Labor Code section

6    226(a), Plaintiffs and the other class members have suffered injury and damage to their

7    statutorily-protected rights.

8    117.    More specifically, Plaintiffs and the other class members have been

9    injured by Defendants' intentional and willful violation of California Labor Code

10   section 226(a) because they were denied both their legal right to receive, and their

11   protected interest in receiving, accurate and itemized wage statements pursuant to

12   California Labor Code section 226(a).

13   118.    Plaintiffs and the other class members are entitled to recover from

14   Defendants the greater of their actual damages caused by Defendants' failure to comply

15   with California Labor Code section 226(a), or an aggregate penalty not exceeding four

16   thousand dollars per employee.

17   119.    Plaintiffs and the other class members are also entitled to injunctive relief

18   to ensure compliance with this section, pursuant to California Labor Code section

19   226(g).

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

120.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119, and each and every part thereof with the same force and effect as though fully set forth herein.

121.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

122.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

123.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

124.   More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

///

26

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

120.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119, and each and every part thereof with the same force and effect as though fully set forth herein.

121.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

122.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

123.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

124.    More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

///

26

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### NINTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

125.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 124, and each and every part thereof with the same force and effect as though fully set forth herein.

126.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

127.   Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants including, but not limited to, the use of personal cell phones for business-related purposes, the costs of cleaning and maintaining clothing in compliance with Defendants' dress code and/or uniform policy, and the costs of necessary office supplies.

128.   Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs. Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

///

27

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against DIAMOND RESORTS MANAGEMENT, INC.,**

**DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)**

129.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 128, and each and every part thereof with the same force and effect as though fully set forth herein.

130.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

131.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

132.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

133.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

134.   Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

135.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences August 28, 2011; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against DIAMOND RESORTS MANAGEMENT, INC.,

### DIAMOND RESORTS INTERNATIONAL, and DOES 1 through 100)

136.   Plaintiff SMITH incorporates by reference the allegations contained in paragraphs 1 through 135, and each and every part thereof with the same force and effect as though fully set forth herein.

137.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

138.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   139.   Plaintiff SMITH and the other hourly-paid or non-exempt employees, are

2   "aggrieved employees" as defined by California Labor Code section 2699(c) in that

3   they are all current or former employees of Defendants, and one or more of the alleged

4   violations was committed against them.

### Failure to Pay Overtime

6   140.   Defendants' failure to pay legally required overtime wages to Plaintiff

7   SMITH and the other aggrieved employees is in violation of the Wage Orders and

8   constitutes unlawful or unfair activity prohibited by California Labor Code sections

9   510 and 1198.

### Failure to Provide Meal Periods

11   141.   Defendants' failure to provide legally required meal periods to Plaintiff

12   SMITH and the other aggrieved employees is in violation of the Wage Orders and

13   constitutes unlawful or unfair activity prohibited by California Labor Code sections

14   226.7 and 512(a).

### Failure to Provide Rest Periods

16   142.   Defendants' failure to provide legally required rest periods to Plaintiff

17   SMITH and the other aggrieved employees is in violation of the Wage Orders and

18   constitutes unlawful or unfair activity prohibited by California Labor Code section

19   226.7.

### Failure to Pay Minimum Wages

21   143.   Defendants' failure to pay legally required minimum wages to Plaintiff

22   SMITH and the other aggrieved employees is in violation of the Wage Orders and

23   constitutes unlawful or unfair activity prohibited by California Labor Code sections

24   1194, 1197 and 1197.1.

25   ///

26   ///

27   ///

28   ///

30

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### Failure to Timely Pay Wages Upon Termination

144. Defendants' failure to timely pay wages to Plaintiff SMITH and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

145. Defendants' failure to timely pay wages to Plaintiff SMITH and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

146. Defendants' failure to provide complete and accurate wage statements to Plaintiff SMITH and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

147. Defendants' failure to keep complete and accurate payroll records relating to Plaintiff SMITH and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

148. Defendants' failure to reimburse Plaintiff SMITH and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

149. Pursuant to California Labor Code section 2699, Plaintiff SMITH, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or

31

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  untimely wages according to proof, interest, attorneys' fees and costs pursuant to

2  California Labor Code section 218.5, as well as all statutory penalties against

3  Defendants, and each of them, including but not limited to:

4          a.      Penalties under California Labor Code section 2699 in the amount of

5                  a hundred dollars ($100) for each aggrieved employee per pay

6                  period for the initial violation, and two hundred dollars ($200) for

7                  each aggrieved employee per pay period for each subsequent

8                  violation;

9          b.      Penalties under California Code of Regulations Title 8 section 11070

10                 in the amount of fifty dollars ($50) for each aggrieved employee per

11                 pay period for the initial violation, and one hundred dollars ($100)

12                 for each aggrieved employee per pay period for each subsequent

13                 violation;

14         c.      Penalties under California Labor Code section 210 in addition to,

15                 and entirely independent and apart from, any other penalty provided

16                 in the California Labor Code in the amount of a hundred dollars

17                 ($100) for each aggrieved employee per pay period for the initial

18                 violation, and two hundred dollars ($200) for each aggrieved

19                 employee per pay period for each subsequent violation; and

20         d.      Any and all additional penalties and sums as provided by the

21                 California Labor Code and/or other statutes.

22    150.   Pursuant to California Labor Code section 2699(i), civil penalties

23  recovered by aggrieved employees shall be distributed as follows: seventy-five percent

24  (75%) to the Labor and Workforce Development Agency for the enforcement of labor

25  laws and education of employers and employees about their rights and responsibilities

26  and twenty-five percent (25%) to the aggrieved employees.

27  ///

28  ///

32

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

151.   Further, Plaintiff SMITH is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff SMITH, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act,  and Plaintiff ALVAREZ, individually, and on behalf of other members of the general public similarly situated, request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SMITH, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and Plaintiff ALVAREZ, individually, and on behalf of other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff SMITH be appointed as the representative of the Class as to all Causes of Action;

3.     That Plaintiff ALVAREZ be appointed as the representative of the Class as to the First through Tenth Causes of Action;

4.     That counsel for Plaintiffs be appointed as Class Counsel; and

5.     That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

///

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

33

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the First Cause of Action

6.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

7.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

8.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

9.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

10.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

11.    For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

13.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

14.    For all actual, consequential, and incidental losses and damages, according to proof;

15.    For premium wages pursuant to California Labor Code section 226.7(b);

16.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

17.    For reasonable attorneys' fees and costs of suit incurred herein;

34

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

19.    For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

20.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

21.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

22.    For all actual, consequential, and incidental losses and damages, according to proof;

23.    For premium wages pursuant to California Labor Code section 226.7(b);

24.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

25.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

26.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

27.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

28.    For general unpaid wages and such general and special damages as may be appropriate;

29.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    30.    For pre-judgment interest on any unpaid compensation from the date such

2    amounts were due;

3    31.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4    California Labor Code section 1194(a);

5    32.    For liquidated damages pursuant to California Labor Code section 1194.2;

6    33.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

7    and (g); and

8    34.    For such other and further relief as the Court may deem just and proper.

9    **As to the Fifth Cause of Action**

10    35.    That the Court declare, adjudge and decree that Defendants violated

11    California Labor Code sections 201, 202, and 203 by willfully failing to pay all

12    compensation owed at the time of termination of the employment of Plaintiffs and the

13    other class members no longer employed by Defendants;

14    36.    For all actual, consequential, and incidental losses and damages,

15    according to proof;

16    37.    For statutory wage penalties pursuant to California Labor Code section

17    203 for Plaintiffs and the other class members who have left Defendants' employ;

18    38.    For pre-judgment interest on any unpaid compensation from the date such

19    amounts were due;

20    39.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

21    and (g); and

22    40.    For such other and further relief as the Court may deem just and proper.

23    **As to the Sixth Cause of Action**

24    41.    That the Court declare, adjudge and decree that Defendants violated

25    California Labor Code section 204 by willfully failing to pay all compensation owed at

26    the time required by  California Labor Code section 204 to Plaintiffs and the other class

27    members;

28    ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

42. For all actual, consequential, and incidental losses and damages, according to proof;

43. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

44. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

45. For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

46. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

47. For actual, consequential and incidental losses and damages, according to proof;

48. For statutory penalties pursuant to California Labor Code section 226(e);

49. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

50. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

51. For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

52. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d) ;

53. For actual, consequential and incidental losses and damages, according to proof;

54. For statutory penalties pursuant to California Labor Code section 1174.5;

37

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    55.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

2    and (g); and

3    56.    For such other and further relief as the Court may deem just and proper.

4    <u>**As to the Ninth Cause of Action**</u>

5    57.    That the Court declare, adjudge and decree that Defendants violated

6    California Labor Code sections 2800 and 2802 by willfully failing to reimburse

7    Plaintiffs and the other class members for all necessary business-related expenses as

8    required by California Labor Code sections 2800 and 2802;

9    58.    For actual, consequential and incidental losses and damages, according to

10   proof;

11   59.    For the imposition of civil penalties and/or statutory penalties;

12   60.    For reasonable attorneys' fees and costs of suit incurred herein;

13   61.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

14   and (g); and

15   62.    For such other and further relief as the Court may deem just and proper.

16   <u>**As to the Tenth Cause of Action**</u>

17   63.    That the Court decree, adjudge and decree that Defendants violated

18   California Business and Professions Code sections 17200, et seq. by failing to provide

19   Plaintiffs and the other class members all overtime compensation due to them, failing

20   to provide all meal and rest periods to Plaintiffs and the other class members, failing

21   to pay at least minimum wages to Plaintiffs and the other class members, failing to pay

22   Plaintiffs' and the other class members' wages timely as required by California Labor

23   Code section 201, 202 and 204 and by violating California Labor Code sections 226(a),

24   1174(d), 2800 and 2802.

25   64.    For restitution of unpaid wages to Plaintiffs and all the other class

26   members and all pre-judgment interest from the day such amounts were due and

27   payable;

28   ///

38

65.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

66.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

67.   For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

68.   For such other and further relief as the Court may deem just and proper.

**As to the Eleventh Cause of Action**

69.   For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

70.   For such other and further relief as the Court may deem equitable and appropriate.

Dated: October 30, 2015

LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

## PROOF OF SERVICE

2    *STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

3

4    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

5

6    On October 30, 2015, I served the foregoing document(s) described as: **FIRST AMENDED SUMMONS AND FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §2698, ET SEQ.** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

7

8

9    Brian Mills
Snell & Wilmer LLP

10   600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689

11

12   *Attorneys for* Defendants

13   National Registered Agents, Inc.
818 West Seventh Street, Suite 930

14   Los Angeles, California 90017

15

16   *Agent for Service of Process* for Defendants

17   **[X]     BY U.S. MAIL**
As follows:  I am "readily familiar" with the firm's practice of collection and processing

18        correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the

19        ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

20        after date of deposit for mailing an affidavit.

21   **[X]     STATE**
I declare under penalty of perjury under the laws of the State of California that the above

22        is true and correct.

23

24        Executed on October 30, 2015, at Glendale, California.

25

26                                        _____
                                             Rebecca Bock

27

28

Exhibit 3

COPY

1   Brian J. Mills (#216078)
    Anne Dwyer (#288216)
2   SNELL & WILMER L.L.P.
    600 Anton Blvd, Suite 1400
3   Costa Mesa, California 92626-7689
    Telephone:   714.427.7000
4   Facsimile:   714.427.7799

5   Attorneys for Defendants
    Diamond Resorts Management, Inc. and
6   Diamond Resorts International

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF RIVERSIDE

10

11  AUTUMN SMITH; individually, and on       Case No. RIC1510389
    behalf of other members of the general
12  public similarly situated and on behalf of   Hon.   Sharon J. Waters
    other aggrieved employees pursuant to the   DEPT.  10
13  California Private Attorneys General Act;
    ALICE ALVAREZ; individually, and on       **DEFENDANTS DIAMOND RESORTS**
14  behalf of other members of the general    **MANAGEMENT, INC. AND**
    public similarly situated;                **DIAMOND RESORTS**
15                                            **INTERNATIONAL'S ANSWER TO**
                    Plaintiffs,               **PLAINTIFFS' FIRST AMENDED**
16                                            **CLASS ACTION COMPLAINT**
              v.
17                                            DATE OF FILING: August 28, 2015
    DIAMOND RESORTS MANAGEMENT,               TRIAL DATE:   No Date Set
18  INC., an unknown business entity;
    DIAMOND RESORTS
19  INTERNATIONAL, an unknown business
    entity; and DOES 1 through 100, inclusive,
20
                    Defendants.
21

22

23        Defendants Diamond Resorts Management, Inc. and Diamond Resorts

24  International ("Defendants") hereby answer the unverified First Amended Complaint

25  ("Complaint") of plaintiffs Autumn Smith and Alice Alvarez ("Plaintiffs") as follows:

26

27        Under the provisions of § 431.30(d) of the California Code of Civil Procedure,

28  Defendants deny each and every allegation, both specifically and generally, of each cause

---

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1   of action contained in Plaintiffs' Complaint on file herein and the whole thereof, and deny

2   that Plaintiffs were damaged in any sum or sums, at all.

3

4   ### AFFIRMATIVE DEFENSES

5   ### FIRST AFFIRMATIVE DEFENSE

6   The Complaint and each of its purported causes of action fail to state facts

7   sufficient to constitute a cause or causes of action against Defendants.

8

9   ### SECOND AFFIRMATIVE DEFENSE

10  As a further and separate affirmative defense, the Complaint, as well as each

11  purported cause of action therein, is barred by the applicable statute of limitations

12  including, but not limited to, California Code of Civil Procedure §§ 338(a) & (c) and 340,

13  California Labor Code § 2699, and California Business and Professions Code § 17208.

14

15  ### THIRD AFFIRMATIVE DEFENSE

16  As a further and separate affirmative defense, Plaintiffs' claims are barred, in

17  whole or in part, to the extent Plaintiffs failed to exhaust required administrative remedies

18  and/or to the extent their claims exceed the claims raised in any complaint or charge filed.

19

20  ### FOURTH AFFIRMATIVE DEFENSE

21  As a further and separate affirmative defense, Plaintiffs acknowledged, ratified,

22  consented to, and acquiesced in the alleged acts or omissions, if any, of Defendants, thus

23  barring Plaintiffs from any relief as prayed for herein.

24

25  ### FIFTH AFFIRMATIVE DEFENSE

26  As a further and separate affirmative defense, Defendants allege that any and all

27  conduct of which Plaintiffs complain and which is attributed to Defendants was a just and

28  proper exercise of management's discretion and was undertaken for a fair and honest

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 2 -

23000624

1    reason.

2

3                    **SIXTH AFFIRMATIVE DEFENSE**

4        As a further and separate affirmative defense, the practices of which Plaintiffs

5    complain were and are not unlawful.

6

7                   **SEVENTH AFFIRMATIVE DEFENSE**

8        As a further and separate affirmative defense, Defendants allege that their conduct

9    with respect to Plaintiffs, and other purported class members and "aggrieved employees",

10   was at all times justified and/or privileged under state or federal law.

11

12                   **EIGHTH AFFIRMATIVE DEFENSE**

13       As a further and separate affirmative defense, Plaintiffs' Complaint fails to state

14   facts sufficient to constitute a cause of action upon which relief can be granted because

15   Plaintiffs, and other purported class members and "aggrieved employees", received proper

16   payment for all time worked and/or all compensable time.

17

18                    **NINTH AFFIRMATIVE DEFENSE**

19       As a further and separate affirmative defense, Plaintiffs have failed to set forth a

20   prima facie case that Defendants violated any of the statutes or wage orders upon which

21   Plaintiffs rely.

22

23                    **TENTH AFFIRMATIVE DEFENSE**

24       As a further and separate affirmative defense, Defendants allege that Plaintiffs'

25   Complaint fails to state facts sufficient to constitute a cause of action upon which relief

26   can be granted because Plaintiffs, and other purported class members and "aggrieved

27   employees", were at all times provided with legally-compliant meal periods, including a

28   second meal period when entitled to one.

1

### ELEVENTH AFFIRMATIVE DEFENSE

2   As a further and separate affirmative defense, Defendants allege that Plaintiffs'

3   Complaint fails to state facts sufficient to constitute a cause of action upon which relief

4   can be granted because, to the extent Plaintiffs, and other purported class members and

5   "aggrieved employees", may not have taken a full, uninterrupted and timely meal periods,

6   Plaintiffs, and other purported class members and "aggrieved employees", voluntarily

7   waived such meal periods.

8

9

### TWELFTH AFFIRMATIVE DEFENSE

10   As a further and separate affirmative defense, Defendants allege that Plaintiffs'

11   Complaint fails to state facts sufficient to constitute a cause of action upon which relief

12   can be granted because Plaintiffs, and other purported class members and "aggrieved

13   employees", were at all times provided with legally-compliant rest periods.

14

15

### THIRTEENTH AFFIRMATIVE DEFENSE

16   As a further and separate affirmative defense, Defendants allege that Plaintiffs'

17   Complaint fails to state facts sufficient to constitute a cause of action upon which relief

18   can be granted because, to the extent Plaintiffs, and other purported class members and

19   "aggrieved employees", may not have taken a full, uninterrupted and timely rest periods,

20   Plaintiffs, and other purported class members and "aggrieved employees", voluntarily

21   waived such rest periods.

22

23

### FOURTEENTH AFFIRMATIVE DEFENSE

24   As a further and separate affirmative defense, Defendants allege that Plaintiffs are

25   not entitled to recover penalties, the existence of which are specifically denied, as

26   Defendants acted in good faith and had reasonable grounds to believe they were not

27   violating applicable state and/or federal law.

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 4 -

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2    As a further and separate affirmative defense, and without admission of any

3    violation of law, Defendants allege that any failure to timely pay wages was not willful

4    and therefore the Complaint fails to state a claim for penalties under the California Labor

5    Code.

6

7

**SIXTEENTH AFFIRMATIVE DEFENSE**

8    As a further and separate affirmative defense, Defendants allege that Plaintiffs, and

9    purported class members and "aggrieved employees", were provided with compliant

10   itemized wage statements.

11

12

**SEVENTEENTH AFFIRMATIVE DEFENSE**

13   As a further and separate affirmative defense, Defendants allege that Plaintiffs' and

14   purported class members and "aggrieved employees", claims are barred, in whole or in

15   part, to the extent Plaintiffs, and the purported class members and "aggrieved employees",

16   have released them.

17

18

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19   As a further and separate affirmative defense, Plaintiffs have failed to satisfy the

20   prerequisites for class certification or a representative action and, therefore, cannot

21   represent the interests of others.

22

23

**NINETEENTH AFFIRMATIVE DEFENSE**

24   As a further and separate affirmative defense, certain of the interests of the

25   proposed class members and the proposed "aggrieved employees" are in conflict with

26   interests of all or certain sub-groups of the members of the alleged class of persons which

27   Plaintiffs purports to represent, the existence of which is expressly denied.

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/5689

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1

### TWENTIETH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege Plaintiffs are not adequate representatives of the alleged class or the "aggrieved employees".

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege Plaintiffs' claims are not common or typical of the putative class Plaintiffs seek to represent.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege the types of claims alleged by the named Plaintiffs on behalf of themselves and the putative class members are matters to which individual questions predominate and, accordingly, are not appropriate for class or representative treatment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege the class of persons that the named Plaintiffs purport to represent is not so numerous that joinder is impracticable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege there is not a community of interest among the purported class members.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege there is not a risk of substantial prejudice from separate actions.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

2      As a further and separate affirmative defense, Defendants allege Plaintiffs lack

3   standing to assert some or all of the causes of action against the Defendants.

4

5

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6      As a further and separate affirmative defense, although Defendants deny that they

7   committed or have responsibility for any act that could support recovery under the PAGA,

8   if and to the extent, any such liability is found, recovery against Defendants under PAGA

9   is unconstitutionally excessive and violates Defendants' due process rights.

10

11

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

12      As a further and separate affirmative defense, Plaintiffs, and the individuals on

13   whose behalf Plaintiffs seek relief, are not entitled to recovery of penalties under PAGA

14   to the extent that such penalties are sought in addition to penalties for the same claims and

15   such duplicative recovery is barred and constitutes unjust enrichment.

16

17

### TWENTY-NINTH AFFIRMATIVE DEFENSE

18      As a further and separate affirmative defense, Plaintiffs' complaint and each and

19   every cause of action alleged therein against Diamond Resorts International is barred in

20   that Plaintiffs were not employed by Diamond Resorts International during the relevant

21   times alleged in the Complaint.

22

23

### THIRTIETH AFFIRMATIVE DEFENSE

24      Discovery in this matter may reveal basis for an avoidance or affirmative defense.

25   Defendants reserve the right to amend this answer to plead such affirmative defenses

26   should they be discovered.

27   / / /

28   / / /

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1    **WHEREFORE,** Defendants pray as follows:

2          1.      That Plaintiffs take nothing by reason of their Complaint;

3          2.      That the Complaint be dismissed in its entirety with prejudice;

4          3.      That judgment be entered for Defendants; and

5          4.      That Defendants be awarded their reasonable attorneys' fees, costs and other

6    expenses incurred in connection with the defense of the action.

7

8    Dated: December 3, 2015                         SNELL & WILMER L.L.P.

9

10                                              By:

11                                                  Brian J. Mills
                                                    Anne Dwyer
12                                                  Attorneys for Defendant
                                                    Diamond Resorts Management, Inc.
13                                                  and Diamond Resorts International

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**PROOF OF SERVICE**

*Smith v. Diamond Resorts Management, Inc., et al.*
Riverside County Superior Court - Case No. RIC1510389

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Snell & Wilmer, 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626-7689.

On December 3, 2015 I caused to be served the foregoing document(s) described as **DEFENDANTS DIAMOND RESORTS MANAGEMENT, INC. AND DIAMOND RESORTS INTERNATIONAL'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** upon the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Edwin Aiwazian, Esq.                    Attorneys for Plaintiffs
410 Arden Ave., Ste. 203
Glendale, CA 91203                      Tel:   (818) 265-1020

☐   **VIA ELECTRONIC MAIL WHERE INDICATED:**  Pursuant to C.R.C. 2060, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

☒   **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California.  I am readily familiar with the practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:**  I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

☐   **SERVED BY PERSONAL DELIVERY:**  I caused to be upon served the following persons and/or entities by personal delivery.

☐   **BY OVERNIGHT DELIVERY:**  I am readily familiar with the practice of          for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☒   **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 3, 2015, at Costa Mesa, California.

_____
Anh Dufour

PROOF OF SERVICE

23032033.1

Exhibit 4

1   Brian J. Mills (#216078)
    Anne Dwyer (#288216)
2   SNELL & WILMER L.L.P.
    600 Anton Blvd, Suite 1400
3   Costa Mesa, California  92626-7689
    Telephone:   714.427.7000
4   Facsimile:   714.427.7799

5   Attorneys for Defendants
    Diamond Resorts Management, Inc. and
6   Diamond Resorts International

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF RIVERSIDE

10

11  AUTUMN SMITH; individually, and on          Case No. RIC1510389
    behalf of other members of the general
12  public similarly situated and on behalf of   **NOTICE TO ADVERSE PARTY OF**
    other aggrieved employees pursuant to the    **REMOVAL TO FEDERAL COURT**
13  California Private Attorneys General Act;
    ALICE ALVAREZ; individually, and on
14  behalf of other members of the general
    public similarly situated;                   FILED:      Aug. 28, 2015
15                                               TRIAL DATE:  None set
                    Plaintiffs,
16
           v.
17
    DIAMOND RESORTS MANAGEMENT,
18  INC., an unknown business entity;
    DIAMOND RESORTS
19  INTERNATIONAL, an unknown business
    entity; and DOES 1 through 100, inclusive,
20
                    Defendants.
21

22

23       TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR

24  ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the

26  in the United States District Court of the Central District of California on December 4,

27  / / /

28  / / /

─────────────────────────────────────────────
                    NOTICE TO ADVERSE PARTY OF REMOVAL

1    2015.  A copy of the Notice of Removal is attached to this Notice and served and filed

2    herewith.

3

4    Dated: December 4, 2015                    SNELL & WILMER L.L.P.

5

6                                              By:

7                                                  Brian J. Mills
                                                   Anne Dwyer
8                                                  Attorneys for Defendant
                                                   Diamond Resorts Management, Inc.
9                                                  and Diamond Resorts International

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE TO ADVERSE PARTY OF REMOVAL

23031063

**PROOF OF SERVICE**

*Smith v. Diamond Resorts Management, Inc., et al.*

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Snell & Wilmer, 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626-7689.

On December 4, 2015 I caused to be served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(B) (DIVERSITY) & 1453 (CLASS ACTION)** upon the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Edwin Aiwazian, Esq.                           Attorneys for Plaintiffs
410 Arden Ave., Ste. 203
Glendale, CA 91203                             Tel:    (818) 265-1020
                                               edwin@lfjpc.com

☐ **VIA ELECTRONIC MAIL WHERE INDICATED:** Pursuant to C.R.C. 2060, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

☒ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐ **SERVED BY PERSONAL DELIVERY**: I caused to be upon served the following persons and/or entities by personal delivery.

☐ **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of _____ for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 4, 2015, at Costa Mesa, California.

/s/Anne Dwyer
Anne Dwyer

23036726.1